IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

JANET OROZCO FELLER
on behalf of herself and all others similarly situated,

        Plaintiff,

        v.

FRANKLIN FIRST FINANCIAL, LTD

        Defendant.

---

**CLASS ACTION COMPLAINT AND JURY DEMAND**

Case No. 18-cv-6772

## CLASS ACTION COMPLAINT

Janet Orozco Feller ("Plaintiff") on behalf of herself and a class of those similarly situated ("Other Similarly Situated Employees"), by way of Complaint against Franklin First Financial, LTD; ("Defendant") by and through her counsel allege as follows:

## NATURE OF THE ACTION

1. This is a class action for the recovery by Plaintiff and Other Similarly Situated Employees of the Defendant of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendant's violation of the Plaintiff's rights under the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 et. seq. (the "WARN Act") and 90 days advance written notice of her terminations by Defendant as required by the New York Worker Adjustment and Retraining Notification Act ("NY WARN Act") New York Labor Law ("NYLL") §860 *et seq.* (collectively, the "WARN Acts"). The Plaintiff was an employee of the Defendant until she was terminated as part of, or as a result of a mass layoff and/or plant closing ordered by the Defendant on or about November 5, 2018 through

November 16, 2018. The Defendant violated the WARN Acts by failing to give the Plaintiff and the Other Similarly Situated Employees of the Defendant at least 60 days' advance written notice of termination, as required by the WARN Act and 90 days advance written notice as required by the NY WARN Act. As a consequence, the Plaintiff and the Other Similarly Situated Employees of the Defendant are entitled under the WARN Acts to recover from the Defendant their wages and ERISA benefits for 60 days, none of which has been paid.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).

3. The violations of the WARN Act alleged herein occurred in this District and more particularly in Melville, NY. Venue in this Court is proper pursuant to 29 U.S.C § 2104 (a)(5) and NYLL§860-G (7)

## THE PARTIES

4. Upon information and belief, at all relevant times, Defendant Franklin First Financial, LTD ("Franklin") was a New York corporation headquartered at 538 Broadhollow Road, Melville, NY 11747 (the "Facility").

5. Plaintiff and the Other Similarly Situated Employees were employed by Defendant at the Facility until their termination without cause on or about November 5, 2018 through November 16, 2018 at which time Defendant ordered a mass layoff and/or plant closing of the Facility.

6. Plaintiff was employed by Defendant, at the Facility until her layoff without cause on or about November 5, 2018.

7. Upon information and belief, approximately 150 persons were employed at the Facility by Defendant until their termination without cause on or about November 5, 2018 through November 16, 2018.

8. On or about November 5, 2018 through November 16, 2018, Defendant, ordered the termination of the Plaintiff's employment together with the termination of all other employees who worked at or reported to the Facility as part of a mass layoff and/or plant closing as defined by the WARN Acts for which they were entitled to receive 60 days advance written notice under the WARN Act and 90 days advance written notice as required by the NY WARN Act.

## FEDERAL WARN CLASS ACTION ALLEGATIONS

9. Pursuant to the WARN Act, 29 U.S.C. § 2104 (a)(5), the Plaintiff maintains this action on behalf of herself and on behalf of each of the Other Similarly Situated Employees.

10. Each of the Other Similarly Situated Employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

11. Defendant, was required by the WARN Act to give the Plaintiff and the Other Similarly Situated Employees at least 60 days advance written notice prior to their terminations.

12. Prior to their terminations, neither the Plaintiff nor the Other Similarly Situated Employees received written notice that complied with the requirements of the WARN Act.

13. Defendant failed to pay the Plaintiff and the Other Similarly Situated Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations and failed to make

3

401(k) contributions and provide them with health insurance coverage and other employee benefits.

**FEDERAL WARN ACT CLASS ACTION ALLEGATIONS RULES 23 (a) and (b)**

14. The Plaintiff brings this action on her own behalf and, pursuant to the Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of herself and the Other Similarly Situated Employees who worked at the Facility and were terminated as part of or as the reasonably foreseeable result of the mass layoff and/or plant closing ordered by the Defendant, on or about November 5, 2018 through November 16, 2018 ("the "Class").

15. The persons in the Class identified above ("Class Members") are so numerous that joinder of all Class Members is impracticable.

16. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

17. The claims of the representative party is typical of the claims of the Class.

18. The representative party will fairly and adequately protect the interests of the class.

19. The Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

20. A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the contest of WARN Act litigation, where individual Plaintiff and Class Members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

21. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a) Whether the Class Members were employees of the Defendant who worked at or reported to the Facility;

(b) Whether Defendant, terminated the employment of the Class Members without cause on their part and without giving them 60 days advance written notice;

(c) Whether the Defendant may rely the WARN Act's "unforeseeable business circumstances" or "faltering company" defense.

(d) Whether Defendant's failure to provide 60 days notice should render them liable to the Class Members for 60 days pay and benefits.

## NEW YORK WARN ACT CLASS ALLEGATIONS

22. Pursuant to NYLL § 860-g (7) the Plaintiff maintains this action on behalf of herself and on behalf of each of the Other Similarly Situated Employees.

23. Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiff in respect to his or her rights under the NY WARN Act.

24. Defendant was required by the NY WARN Act to give the Plaintiff and the Other Similarly Situated Employees at least 90 days advance written notice prior to their terminations.

25. Prior to their terminations, neither the Plaintiff nor the Other Similarly Situated Employees received written notice that complied with the requirements of the NY WARN Act.

26. Defendant failed to pay the Plaintiff and the Other Similarly Situated Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations and failed to make

401(k) contributions and provide them with health insurance coverage and other employee benefits.

## NEW YORK WARN ACT CLASS ACTION ALLEGATIONS RULE 23 (a) and (b)

27. The Plaintiff brings this action on her own behalf and, pursuant to C.P.L.R. Article 9, NYLL § 860-G (7) and Federal Rules of Civil Procedure, Rule 23(a) and (b) on behalf of the other employees who worked at the Facility and were terminated as part of a mass layoff and/or plant closing ordered by the Defendant at the Facility on or about November 5, 2018 through November 16, 2018 ("the "NY WARN Class").

28. The persons in the NY WARN Class identified above ("NY WARN Class Members") are so numerous that joinder of all Class Members is impracticable.

29. There are questions of law and fact common to the NY WARN Class Members that predominate over any questions affecting only individual members.

30. The claims of the representative parties are typical of the claims of the NY WARN Class Members.

31. The representative parties will fairly and adequately protect the interests of the NY WARN Class Members.

32. The Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the context of NY WARN Act litigation, where an individual Plaintiff and Class Members may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

34. There are questions of law and fact common to the NY WARN Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

    (a) Whether the NY WARN Class Members were employees of the Defendant who worked at or reported to the Facility;

    (b) Whether Defendant terminated the employment of the NY WARN Class Members as part of a mass layoff and/or plant closing without cause on their part and without giving them 90 days advance written notice;

    (c) Whether the Defendant may rely on the NY WARN Act's "unforeseeable business circumstances" or "faltering company" defense.

    (d) Whether Defendant's failure to provide 90 days' notice should render it liable to the NY WARN Class Members for 60 days' pay and benefits.

## CLAIM FOR RELIEF

### Violation of the WARN Act, 29 U.S.C. § 2104

35. At all relevant times, the Defendant employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act and employed more than 50 employees at the Facility.

36. At all relevant times, the Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) of the WARN Act and 20 C.F.R. § 639.3(a).

37. On or about November 5, 2018 through November 16, 2018, the Defendant, ordered the "mass layoff" and/or "plant closing" of the Facility as those terms are defined by 29 U.S.C. § 2101(a).

38. The Plaintiff and the Class Members who were terminated by Defendant as a result of Defendant ordering the mass layoff and/or plant closing at the Facility on or 29 U.S.C. § 2101(a) were "affected employees" as defined by 29 U.S.C. § 2101(a)(5) of the WARN Act.

39. The mass layoff and/or plant closing at the Facility resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendant's employees as well as 33% of Defendant's workforce at the Facility, excluding "part-time employees," as that term is defined by the WARN Act.

40. The Plaintiff and each of the Class Members are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

41. Pursuant to Sections 2102 of WARN and 20 C.F.R. § 639.1 - § 639.10 et. seq., Defendant was required to provide at least 60 days prior written notice of the termination or notice as soon as practicable, to the affected employees, explaining why the sixty (60) days prior notice was not given.

42. Defendant failed to provide at least sixty (60) days prior notice to the Class Members terminations and also failed to provide notice prior to their terminations setting forth the basis for reduced notice as required by the WARN Act.

43. The Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and

401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

44. As a result of Defendant's failure to pay the wages, benefits and other monies as asserted above, the Aggrieved Employees were damaged in an amount equal to the sum of the Class Members unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the members' terminations.

### Violation of the NY WARN Act §860 *et seq.*

45. At all relevant times, Defendant employed 50 or more employees, exclusive of part-time employees, or employed 50 or more employees who in the aggregate worked at least 2,000 hours per week exclusive of hours of overtime within New York State as defined by the NY WARN Act and employed more than 25 employees at the Facility.

46. At all relevant times, the Defendant was an "employer," as that term is defined in NYLL § 860-a (3) of the NY WARN Act.

47. On or 29 U.S.C. § 2101(a), the Defendant ordered a "mass layoff" and/or "plant closing" at the Facility as that term is defined by NYLL § 860-a (4,6).

48. The Plaintiff and the Class Members who were terminated by Defendant as a result of Defendant ordering a mass layoff and/or plant closing at the Facility on or about November 5, 2018 through November 16, 2018 were "affected employees" as defined by NYLL § 860-a (1) of the NY WARN Act.

49. The mass layoff and/or plant closing at the Facility resulted in "employment losses," as that term is defined by the NY WARN Act for at least twenty-five (25) of Defendant's employees as well as 33% of Defendant's workforce at the Facility, excluding "part-time employees," as that term is defined by the NY WARN Act.

50. The Plaintiff and each of the Class Members are "aggrieved employees" of the Defendant as that term is defined in NYLL § 860-g (7).

51. Pursuant to NYLL § 860-b Defendant was required to provide at least 90 days prior written notice of the terminations.

52. Defendant failed to provide at least ninety (90) days prior notice to the Class Members of their terminations.

53. The Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

54. As a result of Defendant's failure to pay the wages, benefits and other monies as asserted above, the Aggrieved Employees were damaged in an amount equal to the sum of the Class Members unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the members' terminations.

**WHEREFORE**, the Plaintiff and Class Members demand judgment against the Defendant as follows:

a. An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Acts;

   b.  Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Acts, 29 U.S.C §2104(a)(5), NYLL §860 *et seq.*, Plaintiff and the Class Members constitute a single class;

   c.  Interest as allowed by law on the amounts owed under the preceding paragraphs;

   d.  Appointment of the undersigned attorneys as Class Counsel;

   e.  Appointment of Plaintiff as the Class Representatives and payment of reasonable compensation for her services as such,

   f.  The reasonable attorneys' fees and the costs and disbursements the Plaintiff incurs in prosecuting this action, as authorized by the WARN Acts, 29 U.S.C. §2104(a)(6), NYLL §860-g (7).

   g.  Such other and further relief as this Court may deem just and proper.

Dated: November 28, 2018     BY:  ___/s/ Stuart J. Miller_____

               LANKENAU & MILLER, LLP
               Stuart J. Miller (SJM 4276)
               132 Nassau Street, Suite 1100
               New York, NY 10038
               P: (212) 581-5005
               F: (212) 581-2122

               THE GARDNER FIRM, P.C.
               Mary E. Olsen (OLSEM4818)
               M. Vance McCrary (MCCRM4402)
               182 St. Francis Street
               Suite 103

Mobile, Alabama 36602
(251) 433-8100 (main)
(251) 434-8260 (direct)
(251) 433-8181 (fax)

Cooperating Counsel for
THE NLG MAURICE AND JANE SUGAR
LAW CENTER FOR ECONOMIC AND
SOCIAL JUSTICE, a non-profit law firm
4605 Cass Ave.
Detroit, Michigan 48201
P: (313) 993-4505


*Attorneys for Plaintiff*